OPINION
{¶ 1} Defendant-appellant Isaac Terrell O'Neal appeals his sentence for three counts of felonious assault with a deadly weapon, in violation of R.C. § 2903.11(A)(2), a felony of the second degree. *Page 2 
 {¶ 2} On May 19, 2005, O'Neal was indicted for three counts of felonious assault with a deadly weapon in Case No. 05-CR-1869. Each count was accompanied by a three-year firearm specification. O'Neal was already under indictment in a separate matter, Case No. 04-CR-4270, for possession of cocaine.
 {¶ 3} On August 19, 2005, O'Neal pled guilty to three counts of felonious assault, accompanied by one three-year firearm specification in Case No. 05-CR-1869. In return for O'Neal's guilty plea, the State nolled the two remaining firearm specification as well as the single count for possession of cocaine in Case No. 04-CR-4270. On August 30, 2005, the trial court sentenced O'Neal to four (4) years incarceration on one of the felonious assault counts. For each of the remaining felonious assault counts, O'Neal was sentenced to two (2) years in prison, and the trial court ordered that the prison terms for all of the felonious assault counts be served concurrently. The trial court sentenced O'Neal to an additional three (3) years for the remaining firearm specification for an aggregate sentence of seven (7) years incarceration. Lastly, the trial court ordered restitution in the amount of $37,825.24, which was the amount the victims paid collectively for medical treatment as a result of O'Neal's criminal behavior.
 {¶ 4} O'Neal filed a pro se notice of appeal and motion for a delayed appeal on May 26, 2006. Said motion was sustained by this Court on June 30, 2006. Thus, O'Neal's appeal was pending on direct review during the time in which State v. Foster (2006), 109 Ohio St.3d 1, 845 N.E.2d 470,2006-Ohio-856, was decided. His appeal is now properly before this Court, and therefore subject to the holding in Foster.
 I {¶ 5} O'Neal's sole assignment of error is as follows: *Page 3 
 {¶ 6} "THE SENTENCE IMPOSED UPON APPELLANT WAS UNLAWFUL IN THAT IT WAS BASED ON FINDINGS UNDER A STATUTE LATER FOUND UNCONSTITUTIONAL INSTATE V. FOSTER"
 {¶ 7} In his sole assignment, O'Neal contends that the trial court erred when it discussed certain sentencing factors contained in R.C. § 2929.14 when it sentenced O'Neal to non-minimum terms for the above offenses. In particular, the trial court discussed the seriousness of the crimes and the need to impose more than the minimum sentence. These factors are utilized in an analysis under R.C. § 2929.14(B)(2).
 {¶ 8} In its recent decision in State v. Foster (2006),109 Ohio St.3d 1, 845 N.E.2d 470, 2006-Ohio-856, the Ohio Supreme Court held that portions of R.C. 2929.14 are unconstitutional because they violate an accused's Sixth Amendment right to a jury trial and the principles contained in Apprendi v. New Jersey (2000), 530 U.S. 466,120 S.Ct. 2348, and Blakely v. Washington (2004), 542 U.S. 296, 124 S.Ct. 2531, by requiring a sentencing court to make certain judicial findings before imposing a non-minimum prison sentence on an offender. Foster, supra, at ¶ 83.
 {¶ 9} Pursuant to Foster, the prison sentence imposed upon O'Neal was based upon an unconstitutional provision of R.C. § 2929.14 dealing with non-minimum sentences. Thus, we reverse his prison sentence for three counts of felonious assault with an accompanying firearm specification, and remand this case for a new sentencing hearing consistent withFoster's mandate. In re-sentencing O'Neal on remand, the trial court shall consider those portions of the sentencing code unaffected byFoster, and impose any sentence within the appropriate felony range.Foster at ¶ 105. Those unaffected portions of the sentencing code to be considered *Page 4 
include the purposes of felony sentencing pursuant to R.C. § 2929.11 and the seriousness and recidivism factors pursuant to R.C. § 2929.12.State v. Mathis (2006), 109 Ohio St.3d 54, 846 N.E.2d 1, 2006-Ohio-855. Thus, in light of the Supreme Court's holding in Foster, O'Neal's sole assignment of error is sustained.
 {¶ 10} The State argues that O'Neal waived the Blakely error by not objecting to the sentences the trial court imposed as violative ofBlakely. We conclude that application of the waiver rule was implicitly rejected in Foster, at ¶ 104. State v. McGhee (Nov. 9, 2006), Montgomery App. No. 21368, 2006-Ohio-5979.
 II {¶ 11} O'Neal's sole assignment of error having been sustained, the judgment of the trial court is reversed, and this matter is remanded for re-sentencing consistent with our holding in the opinion.
 WOLFF, P.J. and FAIN, J., concur. *Page 1